UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| AARON RHY BROUSSARD, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 6:23-cv-00028-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| WARDEN J. GILLEY, | ) | **&** |
| | ) | **ORDER** |
| Respondent. | ) | |

*** *** *** ***

Aaron Rhy Broussard is an inmate at the United States Penitentiary – McCreary in Pine Knot, Kentucky. Proceeding without a lawyer, Broussard filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1.] This matter is now before the Court on initial screening pursuant to 28 U.S.C. § 2243. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). For the reasons set forth below, the Court will deny Broussard's petition.

In 2022, Broussard was convicted in federal court of numerous drug-related crimes. *See United States v. Broussard*, No. 0:19-cr-00101-SRN-ECW (D. Minn. 2022). The trial court then sentenced Broussard to life in prison. *See id.* at R. 279. Broussard appealed the trial court's judgment, and his case remains pending with the United States Court of Appeals for the Eighth Circuit. *See United States v. Broussard*, No. 22-2980 (8th Cir. 2023).

Although the Eighth Circuit has not resolved Broussard's direct appeal, he nevertheless went ahead and recently filed a § 2241 petition with this Court. [R. 1.] Broussard's submission is difficult to follow, but it is clear he is trying to collaterally attack his underlying convictions and sentence by arguing, among other things, that the federal district court in Minnesota lacked

jurisdiction in his criminal case. [*See id.*] Thus, Broussard asks this Court to "unconditionally discharge [him] from" what he calls "his unconstitutional confinement." [*Id.* at 8.]

Broussard's § 2241 petition, however, constitutes an impermissible collateral attack on his underlying convictions and sentence. While a federal prisoner may challenge the legality of his convictions and sentence on direct appeal and in a 28 U.S.C. § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the way the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Broussard cannot use a § 2241 petition as a way of challenging his convictions and sentence.

To be sure, there are limited exceptions under which federal prisoners have been permitted to challenge the validity of their convictions or sentences in a § 2241 petition. However, the United States Court of Appeals for the Sixth Circuit has explained that a prisoner can only proceed in this manner if he can demonstrate, among other things, that an intervening change in statutory law establishes his actual innocence, *see Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), or shows that his sentence was improperly enhanced, *see Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016). The Sixth Circuit has also said that, in order to proceed under § 2241, the prisoner "must show 'that he had no prior reasonable opportunity to'" present his arguments in earlier proceedings. *Taylor v. Owens*, 990 F.3d 493, 499 (6th Cir. 2021) (quoting *Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019)).

Broussard has not met the foregoing requirements. After all, Broussard has not clearly identified *any* intervening change in statutory law, let alone a change that establishes his actual

2

innocence or shows that his sentence was erroneously enhanced. Plus, Broussard's direct appeal remains pending, and he has not yet pursued relief via § 2255; he certainly has an opportunity to present his arguments in those proceedings. In short, Broussard's § 2241 petition is, at best, plainly premature.

For the foregoing reasons, Broussard's present petition constitutes an impermissible collateral attack on his underlying convictions and sentence. Therefore, this Court may not entertain his § 2241 petition and will dismiss it for lack of subject-matter jurisdiction. *See Taylor*, 990 F.3d at 496.

Accordingly, it is **ORDERED** that:

1. Broussard's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DISMISSED** for lack of subject-matter jurisdiction.

2. All pending motions are **DENIED** as moot.

3. This action is **STRICKEN** from the Court's docket.

4. The Court will enter a corresponding Judgment.

This the 7th day of March, 2023.

Gregory F. Van Tatenhove
United States District Judge